■ SIDNEY J. CHASE, Respondent, v ROBERT I. SKOY, Appellant, et al., Defendants.—In an action to recover damages for breach of an oral contract, the defendant Robert Skoy appeals (1) as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (Becker, J.), entered April 10, 1987, which, *inter alia,* denied that branch of his motion which was for summary judgment dismissing the complaint, and granted summary judgment to the plaintiff declaring that the plaintiff was entitled to one third of the proceeds received in settlement of an action brought in the United States District Court for the Eastern District of New York, bearing index No. CV81-3427, (2) from an order of the same court, also entered April 10, 1987, which directed the Nassau County Treasurer to pay to the plaintiff one third of the $34,500 previously deposited with him in connection with aforementioned proceeds, and (3) from an order of the same court entered June 5, 1987, which, *inter alia,* granted the plaintiff's motion to direct the Treasurer of Nassau County to pay to the plaintiff one third of the $10,500 previously deposited with him in connection with the same proceeds. The appeal from the order and judgment entered April 10, 1987 brings up for review the order of the same court dated March 10, 1987 (CPLR 5501 [a]).

Ordered that the order and judgment entered April 10, 1987 is modified by deleting therefrom the provisions granting summary judgment to the plaintiff, awarding the plaintiff costs and disbursements, and discharging the escrow agent of all liability upon the deposit of all funds remaining in his possession, and substituting therefor a provision denying the plaintiff's motion for summary judgment and related relief; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 10, 1987 is vacated, without costs or disbursements; and it is further,

Ordered that the order entered April 10, 1987 is reversed, without costs or disbursements; and it is further,

Ordered that the order entered June 5, 1987 is modified by deleting therefrom the provision granting the plaintiff's mo-

tion for an order directing the Treasurer of Nassau County to pay to the plaintiff one third of the $10,500 previously deposited with him in connection with the settlement proceeds and substituting therefor a provision referring the motion to the trial court; as so modified, the order entered June 5, 1987 is affirmed, without costs or disbursements.

The long-standing test for the grant of summary judgment is whether any triable issues of law or fact are presented. It is a drastic remedy and should not be granted where, as here, any arguable issues remain. "Issue-finding, rather than issue-determination, is the key to the procedure" *(Esteve v Abad,* 271 App Div 725, 727, quoted with approval in *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). From a review of the record we find that it was error for the trial court to have granted summary judgment to the plaintiff.

Where the language of a contract is clear and unambiguous, the intent of the parties must be determined in accordance with that language *(Chun Hye Kang-Kim v Feldman,* 121 AD2d 590). The responsibility of interpreting the contract rests with the court. Modifications of written contracts may be proved circumstantially by the conduct of the parties subsequent to the agreement *(Recon Car Corp. v Chrysler Corp.,* 130 AD2d 725, 729).

Although the dissolution agreement at issue is clear on its face, and does not, by its terms, afford the plaintiff a share of the proceeds in question, it may be inferred from the complaint in the Federal action, from which the proceeds derive, that the parties intended a modification of the dissolution agreement. The Supreme Court based its decision to award summary judgment to Chase on the basis that the action was commenced in the name of the former partners as individuals. Further, it stated that any doubts to that effect were dispelled by the affidavit of Lowell.

However, "[t]he court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" *(Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441). The issues presented by the instant record do not appear to be feigned, and the conflicting statements made by the parties in their affidavits clearly give rise to issues of fact which preclude summary judgment.

On the basis of the foregoing, the order and judgment entered April 10, 1987, is modified by deleting therefrom the provision granting summary judgment to the plaintiff, and the

related provisions, the order of the same court dated March 10, 1987, is vacated, the ex parte order entered April 10, 1987 is reversed, and the order of the same court entered June 5, 1987 which granted the disbursement of one third of the proceeds derived from the Federal action, is modified as premature. We do not reach the remaining issues. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.