■ WALDORF STEEL FABRICATORS, INC., Plaintiff, v TROCOM CONSTRUCTION CORP., Appellant, RELIANCE INSURANCE Co. et al., Defendants, and CITY OF NEW YORK, Respondent. [664 NYS2d 326] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Trocom Construction Corp. appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 29, 1996, which denied its motion for leave to amend its answer to assert cross claims for common-law indemnification and to recover damages for breach of contract against the defendant City of New York acting through its Department of Transportation.

Ordered that the order is affirmed, with costs.

The defendant Trocom Construction Corp. (hereinafter Trocom), as general contractor, entered into a contract to perform certain street and subway reconstruction work for the New York City Department of Transportation (hereafter the DOT). Trocom subcontracted the portion of the work involving the fabrication and erection of structural steel to the plaintiff. Subsequently, the DOT advised Trocom that it was exercising its right pursuant to the prime contract to delete, *inter alia,* that portion of the work dealing with the fabrication and erection of structural steel. Following unsuccessful attempts to settle the plaintiff's claim for payment, the plaintiff commenced this action to recover for work performed and expenses incurred prior to the deletion of the structural steel work. Trocom thereafter moved to amend its answer to assert cross claims against its codefendant, the City of New York, acting through the DOT, for common-law indemnification and to recover damages for breach of contract. The proposed breach of contract claim was to recover payment for work allegedly performed pursuant to the deleted portions of the contract as well as for so-called "impact costs" purportedly incurred as a result of the deletion. The proposed indemnification claim sought reimbursement for

any damages ultimately recovered by the plaintiff from Trocom. The Supreme Court denied Trocom's application to amend the answer. We affirm.

While we agree with the denial of Trocom's application to amend the answer to assert a cross claim for breach of contract, we disagree with the Supreme Court's conclusion that the entire cross claim was time-barred. It is undisputed that the prime contract provides that any claim by Trocom under the contract was to be commenced within six months following, *inter alia*, the accrual of the claim. Here, the bulk of Trocom's breach of contract cross claim seeks recovery for work and expenditures contemplated by and incurred pursuant to the prime contract. As such, these items would properly constitute part of the final payment under the prime contract. Under the circumstances of this case, since final payment has not yet been tendered or refused, no breach has yet occurred and no claim for breach of contract has yet accrued (*see, Kassner & Co. v City of New York,* 46 NY2d 544, 550). Therefore, to the extent that Trocom's proposed cross claim sounding in breach of contract seeks recovery for work and expenditures contemplated in the prime contract, it is premature at this juncture and must be rejected. However, since the so-called "impact costs" fall outside the specific work contemplated in the prime contract and are in the nature of additional or extra costs, the claim to recover for them accrued, at the latest, at the time of substantial completion (*see, Phillips Constr. Co. v City of New York,* 61 NY2d 949). Inasmuch as the record demonstrates that the work had been substantially completed far more than six months before Trocom sought leave to assert the breach of contract cross claim, so much of that cross claim as seeks recovery for "impact costs" was correctly determined to be untimely.

Furthermore, Trocom's proposed cross claim for common-law indemnification was properly rejected, since the DOT owed no duty directly to the plaintiff upon which such an indemnification claim could be based (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,* 71 NY2d 21, 29; *Kemron Envtl. Servs. v Environmental Compliance,* 184 AD2d 755). O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.