■ THALER & GERTLER, L. L. P., Appellant, v THOMAS WEITZMAN et al., Respondents. [722 NYS2d 891] —In an action, *inter*

*alia,* to recover on an account stated, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 19, 2000, which denied its motion for summary judgment on the complaint and to dismiss the defendants' counterclaims for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff established its prima facie right to judgment as a matter of law upon proof that the defendants received and retained, without objection, the invoices that the plaintiff sent them seeking payment for professional services rendered (*see, Bracken & Margolin v Schambra,* 270 AD2d 221; *Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.,* 228 AD2d 294). The defendants' unsubstantiated conclusory allegation that they believed they were to pay the plaintiff on a contingency basis is unsupported by any evidence and was insufficient to raise a triable issue of fact (*see, Rona-Tech Corp. v LeaRonal, Inc.,* 254 AD2d 473; *Werner v Nelkin,* 206 AD2d 422).

The defendants' counterclaims alleging breach of contract and fraudulent misrepresentation failed to plead the facts underlying the alleged causes of action with specificity and consisted of conclusory allegations without details (*see,* CPLR 3016 [b]; 3211 [a] [7]; *Priolo Communications v MCI Telecommunications Corp.,* 248 AD2d 453; *Glickman v Alper,* 236 AD2d 230; *Michaelson v Scaduto,* 205 AD2d 507, 508; *Conroy v Ford Motor Co.,* 147 AD2d 885). Since the defendants failed to factually support the allegations of the counterclaims in opposition to that branch of the plaintiff's motion which was to dismiss for failure to state a cause of action (*see, Penna v Caratozzolo,* 131 AD2d 738; *Gervasio v DiNapoli,* 126 AD2d 514), the counterclaims should have been dismissed (*see, Silverman & Mordfin v Jacobs,* 57 AD2d 531). Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.