■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Plaintiff, v 8 B.W., LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. MORDECHAI RUBBISH, INC., Third-Party Defendant-Respondent. [794 NYS2d 907]—

In an action, inter alia, to recover damages for wrongful death, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 17, 2003, which granted the motion of the third-party defendant for summary judgment dismissing their claims for contractual indemnification. The appeal brings up for review so much of an order of the same court dated March 8, 2004, as denied that branch of their motion which was for leave to renew (*see* CPLR 5517 [b]).

Ordered that the order dated November 17, 2003, is affirmed; and it is further,

Ordered that the order dated March 8, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The third-party-defendant, Mordechai Rubbish, Inc. (hereinafter Mordechai), made a prima facie showing of its entitlement to summary judgment dismissing those third-party claims asserted by the appellants against it that were based on a theory of contractual indemnification. Mordechai produced a copy of the relevant contract, which is devoid of any provision that could be construed as a promise by Mordechai to indemnify the appellants with respect to the potential liability that they might

incur in connection with personal injuries occurring at the work site. The appellants then failed to produce competent evidence in admissible form demonstrating the existence of any triable issue of fact in this respect.

The terms of the contract are clear, complete, and unambiguous, and therefore parol evidence is not admissible to create an ambiguity (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Neither the "any fines" provision of the contract nor the provision regarding insurance coverage created any ambiguity. A promise to provide insurance coverage is distinct from a promise to indemnify (*e.g. Kennelty v Darlind Constr.,* 260 AD2d 443, 445 [1999]). No promise to indemnify may "be clearly implied" from the language of this contract (*Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153 [1973]).

The appellants' remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.