■ FLORIDA INFUSION SERVICES, INC., Appellant, v ALDEN SURGICAL Co. et al., Respondents. [805 NYS2d 111]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated November 22, 2004, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a determination as to damages and an award of a reasonable attorney's fee.

The plaintiff is a supplier of medical and pharmaceutical products. By agreement dated March 2, 2003, the defendant Alden Surgical Co. (hereinafter Alden) agreed to pay the plaintiff on or before the "net due date" set forth in the relevant invoice for all products ordered and received. The agreement provided for contractual interest to accrue on any overdue balance, and for an award of a reasonable attorney's fee if litigation was required to collect an overdue balance. The "terms and conditions of sale" also provided that the signatory to the

agreement personally guaranteed all of the obligations under the agreement. The agreement was signed by the defendant Peter Lehman, the president of Alden, as "Applicant/Guarantor." The plaintiff commenced this action to recover damages for breach of the agreement, for an account stated, and for an award of an attorney's fee pursuant to the agreement. The Supreme Court denied the plaintiff's motion for summary judgment. We modify to award the plaintiff summary judgment on the issue of liability.

In support of its motion, the plaintiff presented competent evidence in admissible form showing that there was an overdue balance for products ordered and accepted without protest by Alden pursuant to four invoices, and that Lehman had personally guaranteed Alden's obligations under the agreement. This evidence was sufficient to demonstrate a prima facie entitlement to judgment as a matter of law as against both defendants on the issue of liability on all of the causes of action (see Casa Redimix Concrete Corp. v MacQuesten Gen. Contr., Inc., 14 AD3d 641 [2005]; Oak Beverages v Ehrlich, 224 AD2d 403 [1996]). In opposition to this prima facie demonstration, neither defendant raised a triable issue of fact as to liability. Contrary to the defendants' contention on appeal, the agreement is not ambiguous, as it concerns Lehman's personal liability as guarantor thereunder. Thus, the defendants may not present parol evidence to vary or contradict the clear and unambiguous terms of the agreement as they concern such personal liability (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]; Public Adm'r of Kings County v 8 B.W., LLC, 18 AD3d 458 [2005]).

However, the plaintiff failed to demonstrate a prima facie entitlement to judgment as a matter of law on the issue of damages. The amount of damages demanded by the plaintiff on its first and second causes of action, alleging breach of contract and for an account stated, respectively, incorporates contractual interest. However, on the record presented, it cannot be determined how such interest was calculated. As to its third cause of action, the plaintiff presented no proof as to the amount of a reasonable attorney's fee to be awarded. Thus, we remit the matter to the Supreme Court, Nassau County, for a determination of damages and an award of a reasonable attorney's fee. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.