ZISKIN LAW FIRM, LLP, Respondent, v BI-COUNTY ELECTRIC CORP. et al., Appellants. [843 NYS2d 129]—

In an action to recover unpaid legal fees, the defendants appeal from (1) an order of the Supreme Court, Suffolk County, (Spinner, J.) dated April 25, 2006, which, inter alia, granted the plaintiff's motion to strike their answer for failure to comply with discovery requests, denied their cross motion for summary judgment dismissing the complaint, and granted the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court entered June 27, 2006, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $19,393.93. The defendants' notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The record demonstrates that the defendants failed without reasonable excuse to comply with multiple discovery orders requiring them to appear for a deposition and to provide substantive responses to proper interrogatories, and that the Supreme Court providently exercised its discretion in granting the plaintiff's motion to strike the answer and for other relief pursuant to CPLR 3126 (*see Royal Caterers, LLC v Marine Midland*, 8 AD3d 549 [2004]; *Alizio v Alizio*, 300 AD2d 515 [2002]; *Nowak v Veira*, 289 AD2d 383 [2001]).

Further, there was no merit to the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff law firm had not provided a written retainer agreement or letter of engagement, in violation of 22 NYCRR 1215.1, since the defendant retained the law firm before that rule became effective on March 4, 2002 (*see Seth Rubenstein, P.C. v Ganea*, 41 AD3d 54 [2007], citing *Glazer v Jack Seid, Sylvia Seid Revocable Trust*, 2003 NY Slip Op 51416[U] [Dist Ct, Nassau County, Oct. 23, 2003]. Moreover, upon review of the evidence submitted by the plaintiff in opposition to the defendants' cross motion for summary judgment and in support of its cross motion for summary judgment, the Supreme Court properly granted summary judgment in favor of the plaintiff (*see* CPLR 3212 [b]; 2215). The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on its cause of action based upon an account stated by submitting evidence "that the defendants received and retained, without objection, the invoices that the plaintiff sent them seeking payment for professional services rendered" (*Thaler & Gertler v Weitzman*, 282 AD2d 522, 523 [2001]; *see Sullivan v REJ Corp.*, 255 AD2d 308 [1998]; *Werner v Nelkin*, 206 AD2d 422, 422-423 [1994]). Even assuming that the defendants' defenses had not been stricken due to their failure to comply with discovery, their unsupported and conclusory assertions that they did not intend to agree to a statement of account and believed unspecified services were not rendered failed to raise a triable issue of fact warranting denial of the plaintiff's cross motion for summary judgment (*see Thaler & Gertler v Weitzman*, 282 AD2d 522 [2001], *supra*; *Sullivan v*

*REJ Corp.* 255 AD2d 308 [1998], *supra; Werner v Nelkin,* 206 AD2d 422 [1994], *supra).* Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.