■ MINTZ & GOLD, LLP, Respondent, v PENNY FERN HART, Appellant. [849 NYS2d 912]—

In an action, inter alia, to recover unpaid legal fees, the defendant Penny Fern Hart appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered January 29, 2007, as, upon renewal, granted that branch of the plaintiff's motion which was for summary judgment in its favor on the third cause of action for an account stated insofar as asserted against her, and adhered to that portion of an order of the same court entered May 25, 2006, as denied that branch of her cross

motion which was for summary judgment dismissing that cause of action insofar as asserted against her, and (2) an interlocutory judgment of the same court entered March 23, 2007, which, upon the order, is in favor of the plaintiff and against her in the principal sum of $215,172.32. The notice of appeal from the order entered January 29, 2007, is deemed also to be a notice of appeal from the interlocutory judgment (*see* CPLR 5501 [c]).

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant Penny Fern Hart (hereinafter Penny) is a 50% shareholder and the president and chief executive officer of the defendant Tri-State Consumer, Inc. (hereinafter TSC). In 2003, nonparty Dean Hart, a 50% shareholder and director of TSC, commenced an action (hereinafter the 2003 action) against Penny, among others, pursuant to Business Corporation Law § 720. Dean Hart sought to compel Penny to account for alleged misconduct in the management of TSC, and to enjoin her from further participation in the management of TSC. This was one of several related actions involving Penny and Dean Hart, and the issue of control over TSC (*see e.g. Hart v Tri-State Consumer, Inc.*, 18 AD3d 610 [2005]). Penny retained the plaintiff Mintz & Gold, LLP (hereinafter Mintz & Gold), to represent her in the 2003 action. TSC retained separate counsel. Mintz & Gold commenced this action, inter alia, to recover unpaid legal fees arising from that representation. Mintz & Gold alleged that it provided legal services to Penny between August 2003 and May 12, 2005, but had been paid for such services only through November 2004. After that time, it alleged, Penny made only "four small sporadic payments," and there remained an outstanding principal balance of $215,172.32. Prior to August 2004, substantial payments on invoices for legal services approved by Penny were made by checks drawn against an account owned by TSC. This arrangement ended when the account was frozen by the bank after a dispute arose over who was authorized to use the account. Mintz & Gold moved, inter alia, for summary judgment on its third cause of action for an account stated. Penny cross-moved, inter alia, for summary judgment dismissing that cause of action on the ground that TSC, not she, was obligated to pay the balance owed.

Mintz & Gold established its prima facie entitlement to judgment as a matter of law on its third cause of action for an account stated, with evidence that Penny not only received and

retained, without objection, invoices for legal services sent to her between November 2004 and May 17, 2005, but also made partial payments on the invoices and sent correspondence to Mintz & Gold acknowledging her obligation to pay the balance (*see Landa v Dratch*, 45 AD3d 646 [2007]; *Ziskin Law Firm, LLP v Bi-County Elec. Corp.*, 43 AD3d 1158 [2007]; *Thaler & Gertler v Weitzman*, 282 AD2d 522 [2001]). In opposition, Penny failed to raise a triable issue of fact. Although Penny may be entitled to indemnification, she is liable for the legal fees incurred in defending the 2003 action (*see* Business Corporation Law §§ 720-726). Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.