■ PRYOR & MANDELUP, LLP, Respondent, v STEPHEN J. SAB-BETH et al., Appellants. [918 NYS2d 165]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, a law firm, established its prima facie entitlement to judgment as a matter of law on its first cause of action to recover damages for breach of an oral contract, by submitting the affirmation of Robert L. Pryor, a partner of the plaintiff, stating that the defendant Stephen J. Sabbeth promised to pay the plaintiff $160,000 if he recovered on a certain fire insurance policy. In opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact by submitting Sabbeth's affidavit, wherein he denied making that promise. "On a motion for summary judgment the court must not weigh the credibility of witnesses unless it clearly appears that the issues are feigned and not genuine" and "[a]ny conflict in the testimony or evidence presented merely raise[s] an issue of fact" (6243 Jericho Realty Corp. v AutoZone, Inc., 27 AD3d 447, 449 [2006]; see also Chase v Skoy, 146 AD2d 563 [1989]). Therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on its first cause of action to recover damages for breach of an oral contract.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on its fourth cause of action based upon an account stated for legal fees by submitting evidence "that the defendants received and retained, without objection, the invoices that the plaintiff sent them seeking payment for professional services rendered" (Thaler & Gertler v Weitzman, 282 AD2d 522, 523 [2001]; see Ziskin Law Firm, LLP v Bi-County Elec. Corp., 43 AD3d 1158, 1159 [2007]; Sullivan v REJ Corp., 255 AD2d 308 [1998]; Werner v Nelkin, 206 AD2d 422,

422-423 [1994]). In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on its fourth cause of action based upon an account stated for legal fees. Covello, J.P., Eng, Chambers and Hall, JJ., concur.