■ LAW OFFICES OF CLIFFORD G. KLEINBAUM, Respondent, v ARNOLD G. SHURKIN, ESQ., Appellant. [931 NYS2d 879]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated for legal fees by submitting copies of its invoices for professional services, setting forth the billable hours expended and identifying the services rendered, and demonstrating that the defendant received and retained the invoices without objecting to them within a reasonable time, and made partial payment on the invoices (*see Landa v Blocker*, 87 AD3d 719 [2011]; *Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [2011]; *Gassman & Keidel, P.C. v Adlerstein*, 63 AD3d 784 [2009]; *Landa v Dratch*, 45 AD3d 646, 648 [2007]; *Greenspan & Greenspan v Wenger*, 294 AD2d 539 [2002]; *O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996]; *Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294, 295 [1996]). In opposition, the defendant failed to raise a triable issue of fact (*see Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562, 563 [2006]; *O'Connell & Aronowitz v Gullo*, 229 AD2d at 638; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 432-433 [1979]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated for legal fees. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.

___

Cross motion by the plaintiff on appeals from an order of the Supreme Court, Westchester County, entered June 18, 2010, and a judgment of the same court entered July 2, 2010, pursuant to 22 NYCRR 130-1.1 (c) to impose a sanction upon the appellant and for an award of an attorney's fee in the sum of $2,500 on the grounds that Point 2 of the appellant's brief is frivolous and that the plaintiff was forced to address it in its respondent's brief. By decision and order on motion of this

Court dated June 1, 2011, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the cross motion is denied. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.