In an action, inter alia, to recover on an account stated, the defendant Nami Shin appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered January 13, 2012, which, upon an order of the same court dated September 30, 2011, granting that branch of the plaintiffs motion which was for summary judgment on the issue of liability under an invoice dated March 11, 2011, is in favor of the plaintiff and against her in the amount of $47,535.
Ordered that the judgment is affirmed, with costs.
The plaintiff, a law firm, demonstrated its prima facie entitlement to judgment as a matter of law on its cause of action to re *1011 cover on an account stated for legal fees by submitting evidence that the appellant received and retained, without objection, the invoices that the plaintiff sent to her seeking payment for professional services rendered (see Pryor & Mandelup, LLP v Sabbeth, 82 AD3d 731, 732 [2011]; Ziskin Law Firm, LLP v Bi-County Elec. Corp., 43 AD3d 1158, 1159 [2007]; Thaler & Gertler v Weitzman, 282 AD2d 522, 523 [2001]). In opposition, the appellant’s unsupported and conclusory allegations were insufficient to raise a triable issue of fact (see Ziskin Law Firm, LLP v Bi-County Elec. Corp., 43 AD3d at 1159; Thaler & Gertler v Weitzman, 282 AD2d at 523; Sullivan v REJ Corp., 255 AD2d 308 [1998]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability under an invoice dated March 11, 2011.
The appellant’s contention that the plaintiff was not entitled to recover its legal fees due to an alleged conflict of interest is improperly raised for the first time on appeal, and accordingly, has not been considered (see Pauyo v Pauyo, 102 AD3d 847 [2013]).
The appellant’s remaining contentions are without merit.
Angiolillo, J.E, Dickerson, Chambers and Lott, JJ., concur.