■ MAURO LILLING NAPARTY, LLP, Appellant, v DAISY HUANG et al., Respondents, et al., Defendant. [992 NYS2d 354]—

In an action, inter alia, to recover damages for breach of contract and on an account stated for legal fees, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated November 22, 2013, as denied that branch of its motion which was for summary judgment on the cause of action to recover on an account stated for legal fees against the defendants Daisy Huang and Platinum Star Enterprises, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated for legal fees against the defendants Daisy Huang and Platinum Star Enterprises, LLC, is granted.

The plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated for legal fees against the defendants Daisy Huang and Platinum Star Enterprises, LLC (hereinafter together the Huang defendants), by submitting copies of its invoices for professional services setting forth the billable hours expended and identifying the services rendered, and by demonstrating that the Huang defendants received and retained the invoices without objecting to them within a reasonable time, and made partial payment on the invoices (*see Law Offs. of Clifford G. Kleinbaum v Shurkin*, 88 AD3d 659 [2011]; *Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731 [2011]; *Gassman & Keidel, P.C. v Adlerstein*, 63 AD3d 784 [2009]). In opposition, the Huang defendants' unsupported and conclusory allegations were insufficient to raise a triable issue of fact (*see Law Offs. of David J. Sutton, P.C. v NYC Hallways & Lobbies, Inc.*, 105 AD3d 1010 [2013]; *Law Offs. of Clifford G. Kleinbaum v Shurkin*, 88 AD3d at 660; *Thaler & Gertler v Weitzman*, 282 AD2d 522, 523 [2001]). The Huang defendants' allegations that they were unaware that they would be responsible for the plaintiff's legal fees, and that they did not receive any bills for the plaintiff's services, were unsupported by the evidence, which included evidence showing that they made a partial payment of $15,000 to the plaintiff.

Accordingly, the Supreme Court should have granted that

branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on an account stated for legal fees against the Huang defendants. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.