■ JOSEPH W. RYAN, JR., P.C., Respondent, v MAIR FAIBISH, Appellant. [27 NYS3d 159]—

In an action to recover damages for breach of contract and on an account stated for legal fees, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Rouse, J.), dated February 23, 2015, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered May 5, 2015, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $284,284.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established its prima facie entitlement to judgment as a matter of law against the defendant on the cause of action alleging breach of contract by submitting evidence of the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of the contract, and resulting damages (*see W. Park Assoc., Inc. v Everest Natl. Ins. Co.*, 113 AD3d 38, 44 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]; *see also Potruch & Daab, LLC v Abraham*, 97 AD3d 646, 648 [2012]; *Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [2011]).

The plaintiff also established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on an account stated for legal fees by submitting copies of its invoices for professional services setting forth the billable hours expended and identifying the services rendered, and demonstrating that the defendant received and retained the invoices without objecting to them within a reasonable time, and made partial payment on the invoices (*see Law Offs. of Clifford G. Kleinbaum v Shurkin,* 88 AD3d 659 [2011]; *Pryor & Mandelup, LLP v Sabbeth,* 82 AD3d 731 [2011]; *Gassman & Keidel, P.C. v Adlerstein,* 63 AD3d 784 [2009]).

In opposition, the defendant's unsupported and conclusory allegations were insufficient to raise a triable issue of fact in light of, inter alia, the evidence that he made partial payments on the account (*see Law Offs. of David J. Sutton, P.C. v NYC Hallways & Lobbies, Inc.,* 105 AD3d 1010 [2013]; *Law Offs. of Clifford G. Kleinbaum v Shurkin,* 88 AD3d at 660; *Thaler & Gertler v Weitzman,* 282 AD2d 522, 523 [2001]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.