■ BASHIAN & FARBER, LLP, et al., Appellants, v RICHARD SYMS et al., Respondents. [46 NYS3d 202]—

In an action, inter alia, to recover on an account stated, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated December 17, 2014, as denied that branch of their cross motion which was for summary judgment on the cause of action to recover on an account stated and denied their separate motion for a preliminary injunction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging an account stated, and substituting therefor a provision granting that branch of the plaintiffs' cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint including, inter alia, a determination of damages on the cause of action to recover on an account stated.

The plaintiffs commenced this action against the defendants, inter alia, to recover on an account stated for legal fees in an amount "not less than $329,068.90." The complaint alleged that these fees were incurred during the plaintiffs' representation of the defendant Richard Syms in a contested probate proceeding.

In response to a motion made by the defendants, the plaintiffs cross-moved for, inter alia, summary judgment on the cause of action to recover on an account stated, which was asserted against Richard Syms. The plaintiffs contended that their submissions demonstrated that Syms received and retained the invoices they sent to him, and that he never registered any objection to them, but, in fact, affirmatively approved all of the charges set forth therein and made partial payments on the account. In opposition, the defendants disputed the calculations pertaining to a portion of the total amount due on the account.

The plaintiffs separately moved for a preliminary injunction, alleging that the defendants engaged in a series of fraudulent transfers of assets in order to avoid payment of the outstanding legal bills. The defendants opposed the plaintiffs' motion for a preliminary injunction arguing, inter alia, that the plaintiffs failed to establish that they would sustain irreparable injury if the preliminary injunction were not granted.

In the order appealed from, the Supreme Court, among other things, denied that branch of the plaintiffs' cross motion which was for summary judgment on the cause of action to recover on an account stated and denied the plaintiffs' separate motion for a preliminary injunction. We modify.

"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due" (*Citibank [South Dakota], N.A. v Abraham*, 138 AD3d 1053, 1056 [2016]; *see Rodkinson v Haecker*, 248 NY 480, 484-485 [1928]; *Lockwood v Thorne*, 11 NY 170, 173-174 [1854]; *see also* 13-72 Corbin on Contracts § 72.1 [2016]). "Although an account stated may be based on an express agreement between the parties as to the amount due, an agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account" (*Citibank [South Dakota], N.A. v Abraham*, 138 AD3d at 1056; *see Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850, 851 [2011]). The "agreement" at the core of an account stated is independent of the underlying obligation between the parties (*see Citibank [South Dakota], N.A. v Abraham*, 138 AD3d at 1056; *Citibank [S.D.] N.A. v Cutler*, 112 AD3d 573, 574 [2013]).

Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action to recover on an account stated by submitting evidence that Syms received the invoices that the plaintiffs sent to him seeking payment for professional services rendered and that he agreed to pay the amount set forth in the plaintiffs' statement of account (*see Law Offs. of David J. Sutton, P.C. v NYC Hallways & Lobbies, Inc.*, 105 AD3d 1010, 1010-1011 [2013]; *Pryor & Mandelup, LLP v Sabbeth*, 82 AD3d 731, 732 [2011]; *Ziskin Law Firm, LLP v Bi-County Elec. Corp.*, 43 AD3d 1158, 1159 [2007]). Contrary to the Supreme Court's conclusion, "[i]t is not part of a plaintiff's prima facie case on a claim for an account stated to show the reasonableness of the retainer agreement or its legal services" (*Emery Celli Brinckerhoff & Abady, LLP v Rose*, 111 AD3d 453, 454 [2013]; *see Thelen LLP v Omni Contr. Co., Inc.*, 79 AD3d 605, 606 [2010]; *Tunick v*

*Shaw*, 45 AD3d 145, 149 [2007]; *Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562, 562-563 [2006]; *O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 638 [1996]).

In opposition to the plaintiffs' prima facie showing, the defendants failed to raise a triable issue of fact as to liability (*see Florida Infusion Servs., Inc. v Alden Surgical Co.*, 23 AD3d 614, 615 [2005]; *Dreyer & Traub v Handman*, 121 AD2d 256 [1986]). The defendants did not dispute that the plaintiffs had represented Syms or that Syms had agreed to the statement of account when it was presented to him. Accordingly, contrary to the defendants' contention, liability on this cause of action is not precluded on the ground that an agreement did not occur because there was a dispute regarding the correctness of the account (*see M & A Constr. Corp. v McTague*, 21 AD3d 610, 612 [2005]; *cf. Seneca Pipe & Paving Co., Inc. v South Seneca Cent. School Dist.*, 83 AD3d 1540, 1542 [2011]; *Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412, 413 [1995]). Furthermore, the defendants' submissions were insufficient to raise a triable issue of fact as to whether the agreement to pay was obtained by fraud, or was unenforceable due to some other equitable consideration (*cf. Bryan L. Salamone, P.C. v Cohen*, 129 AD3d 877, 879 [2015]). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action to recover on an account stated (*see Law Offs. of David J. Sutton, P.C. v NYC Hallways & Lobbies, Inc.*, 105 AD3d at 1010-1011; *Consolidated Edison Solutions, Inc. v Pytluk*, 91 AD3d 899, 899 [2012]; *Florida Infusion Servs., Inc. v Alden Surgical Co.*, 23 AD3d at 615).

However, contrary to the plaintiffs' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law on the issue of damages (*see Florida Infusion Servs., Inc. v Alden Surgical Co.*, 23 AD3d at 615). Indeed, the plaintiffs conceded that there were certain errors in their calculations such that they were not entitled to the total amount sought in the complaint. Accordingly, the plaintiffs are not entitled to summary judgment on the issue of damages on the cause of action to recover on an account stated (*see id.*; *Dreyer & Traub v Handman*, 121 AD2d 256 [1986]).

The Supreme Court also properly denied the plaintiffs' motion for a preliminary injunction. "To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor" (*Liberty Mut. Ins.*

*Co. v Raia Med. Health, P.C.*, 140 AD3d 1029, 1031 [2016] [internal quotation marks omitted]). Here, the plaintiffs failed to establish that they would sustain irreparable injury if a preliminary injunction was not granted. Irreparable injury, for purposes of equity, has been held to mean any injury for which money damages are insufficient (*see e.g. Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d 635, 636-637 [2009]). Since the plaintiffs would be sufficiently compensated by money damages and, in fact, are seeking money damages in this action, the plaintiffs failed to demonstrate that they could not be fully compensated by a monetary award (*see Alayoff v Alayoff*, 112 AD3d 564, 567 [2013]; *Di Fabio v Omnipoint Communications, Inc.*, 66 AD3d at 636-637). Hall, J.P., Cohen, Miller and Connolly, JJ., concur.