■ Kiss Construction, Inc., Respondent, v Edison Electrical Contractors, Corp., Appellant, and New York City School Construction Authority, Respondent, et al., Defendant. [58 NYS3d 524]—In an action, inter alia, to recover damages for breach of contract, the defendant Edison Electrical Contractors, Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered October 2, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the

causes of action alleging breach of contract and on accounts stated and for summary judgment dismissing the counterclaim, and granted the cross motion of the defendant New York City School Construction Authority for summary judgment dismissing the cross claim for indemnification and contribution.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendant Edison Electrical Contractors, Corp. (hereinafter EEC), among others, alleging that it failed to pay the plaintiff in full for asbestos removal work performed by the plaintiff in two schools: IS93 and PS60. The plaintiff was a subcontractor for EEC, which had entered into contracts to perform electrical work for the defendant New York City School Construction Authority (hereinafter SCA).

The Supreme Court properly awarded summary judgment in favor of the plaintiff on its causes of action against EEC alleging breach of contract. The plaintiff established its prima facie entitlement to judgment by showing the existence of a contract for both the IS93 and PS60 projects, the plaintiff's performance pursuant to the contract, EEC's breach of its contractual obligations, and damages resulting from the breach (*see B&H Assoc. of NY, LLC v Fairley*, 148 AD3d 1097 [2017]; *143 Bergen St., LLC v Ruderman*, 144 AD3d 1002, 1003 [2016]). The partial payment of the invoices for the IS93 project constituted ratification of the adjusted proposal submitted by the plaintiff to EEC (*see Matter of Edelstein v Greisman*, 67 AD3d 796, 797 [2009]; *Mulitex USA, Inc. v Marvin Knitting Mills, Inc.*, 12 AD3d 169, 170 [2004]). An implied-in-fact contract exists for the PS60 project, and a meeting of the minds as to the terms of that contract may be inferred from the parties' acts and words (*see AMCAT Global, Inc. v Greater Binghamton Dev., LLC*, 140 AD3d 1370, 1372 [2016]).

The plaintiff also established its prima facie entitlement to judgment as a matter of law on its causes of action on accounts stated by showing that EEC received and retained the plaintiff's invoices for both the IS93 and PS60 projects without objection within a reasonable period of time, and that EEC made partial payment on the accounts (*see Joseph W. Ryan, Jr., P.C. v Faibish*, 136 AD3d 984, 985 [2016]; *Mauro Lilling Naparty, LLP v Huang*, 120 AD3d 1314, 1314 [2014]). EEC failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing on either the breach of contract or accounts stated causes of action.

The Supreme Court also properly granted SCA's cross motion for summary judgment dismissing EEC's cross claim for indemnification and contribution. SCA established its prima facie entitlement to judgment as a matter of law dismissing the cross claim by demonstrating that there is no provision in the contracts between SCA and EEC requiring SCA to indemnify EEC. Furthermore, SCA established, prima facie, that EEC was not entitled to common-law indemnification by demonstrating that SCA owed no duty directly to the plaintiff upon which such a claim could be based (*see Waldorf Steel Fabricators v Trocom Constr. Corp.*, 244 AD2d 479, 480 [1997]; *Kemron Envtl. Servs. v Environmental Compliance*, 184 AD2d 755, 755 [1992]), and that the plaintiff's damages were not due solely to SCA's negligent performance or the nonperformance of an act solely within SCA's province (*see Littleton v Amberland Owners, Inc.*, 94 AD3d 953, 954 [2012]; *Jaikran v Shoppers Jamaica, LLC*, 85 AD3d 864, 866 [2011]). Finally, SCA demonstrated, prima facie, that EEC was not entitled to contribution, as the plaintiff seeks damages for purely economic loss (*see* CPLR 1401; *Eisman v Village of E. Hills*, 149 AD3d 806 [2017]; *Galvin Bros., Inc. v Town of Babylon, N.Y.*, 91 AD3d 715, 715 [2012]). In opposition, EEC failed to raise a triable issue of fact.

EEC's remaining contention, as to the dismissal of its counterclaim, is without merit. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.