Finger & Finger, A Professional Corp. v Buckingham Owners, Inc. (2018 NY Slip Op 06881)





Finger & Finger, A Professional Corp. v Buckingham Owners, Inc.


2018 NY Slip Op 06881


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-00329
2016-06844
 (Index No. 54724/11)

[*1]Finger & Finger, A Professional Corporation, respondent,
v
Buckingham Owners, Inc., appellant.


Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Joseph M. Buderwitz and Lisa C. Florio of counsel), for appellant.
Finger & Finger, A Professional Corporation, White Plains, NY (Kenneth J. Finger of counsel), respondent pro se.



DECISION & ORDER
In an action to recover unpaid legal fees, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 10, 2015, and (2) a judgment of the same court dated December 30, 2015. The order, insofar as appealed from, granted, in part, the plaintiff's motion for summary judgment on the complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the total sum of $94,343.52.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501[a][1]).
The plaintiff law firm commenced this action seeking to recover unpaid legal fees from the defendant based on theories of breach of contract, account stated, and quantum merit. Following discovery, the Supreme Court granted, in part, the plaintiff's motion for summary judgment on the complaint and entered a judgment in favor of the plaintiff and against the defendant in the total sum of $94,343.52. The defendant appeals.
The plaintiff established, prima facie, that it was entitled to summary judgment on its breach of contract cause of action for legal fees based on a retainer agreement executed on September 8, 2008, by the then-president of the defendant's board of directors. At all relevant times, the president was acting with apparent authority to engage the services of counsel (see Goldston v Bandwith Tech. Corp., 52 AD3d 360, 362-363; A & M Wallboard v Marina Towers Assoc., 169 AD2d 751, 752). Moreover, the defendant accepted the benefits of the legal work performed by the [*2]plaintiff and thus is bound by the retainer agreement (see Goldston v Bandwith Tech. Corp., 52 AD3d at 363). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
The plaintiff also established, prima facie, an account stated for certain "ad hoc legal services" that it performed outside of any retainer agreement with the defendant. The plaintiff established that it submitted invoices for services rendered and that the defendant received and retained the invoices without objection (see Mauro Lilling Naparty, LLP v Huang, 120 AD3d 1314, 1314; Wilson, Elser, Moskowitz, Edelman & Dicker, LLP v City of Mount Vernon, 109 AD3d 537, 537; Lapidus & Assoc., LLP v Elizabeth St., Inc., 92 AD3d 405, 405-406; Pryor & Mandelup, LLP v Sabbeth, 82 AD3d 731, 732). In opposition, the defendant failed to raise a triable issue of fact (see Wilson, Elser, Moskowitz, Edelman & Dicker, LLP v City of Mount Vernon, 109 AD3d at 537; Law Offs. of David J. Sutton, P.C. v NYC Hallways & Lobbies, Inc., 105 AD3d 1010, 1011; Werner v Nelkin, 206 AD2d 422, 423).
The defendant's contentions as to procedural deficiencies are without merit, inasmuch as the defendant did not establish that the plaintiff failed to satisfy a condition precedent to the commencement of this action (see generally 22 NYCRR 137.1[b][2]; Copeland v Salomon, 56 NY2d 222, 229).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting, in part, the plaintiff's motion for summary judgment on the complaint and entering a judgment in favor of the plaintiff.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court