Lawrence M. Kamhi, M.D., P.C. v East Coast Pain Mgt., P.C. (2019 NY Slip Op 08184)





Lawrence M. Kamhi, M.D., P.C. v East Coast Pain Mgt., P.C.


2019 NY Slip Op 08184


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-02958
 (Index No. 32565/15)

[*1]Lawrence M. Kamhi, M.D., P.C., respondent, 
v
East Coast Pain Management, P.C., et al., appellants.


Peska & Associates, P.C., White Plains, NY (Adam M. Peska of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an amended judgment of the Supreme Court, Rockland County (Paul I. Marx. J.), dated February 27, 2018. The amended judgment, after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $9,750.
ORDERED that the amended judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.
On or about November 19, 2014, the parties entered into a "Practice/Physician Contract" (hereinafter the written contract) whereby the plaintiff agreed to provide certain services at a medical practice operated by the defendants. The written contract provided that the defendants would compensate the plaintiff in the sum of $1,300 per day worked by him. However, pursuant to a series of email correspondence between the parties, the plaintiff expressly agreed to work for a "reduced per diem of $1050/day.'" Consistent therewith, on December 2, 2014, the plaintiff began to provide services to the defendants and the defendants paid him $1,050 per day worked by him.
Upon termination of the plaintiff's services, the plaintiff commenced this action alleging, inter alia, that the defendants breached the written contract by not paying him the sum of $1,300 per day worked by him, and by only paying him $1,050 per day, reflecting a deficit of $250 per day. At the conclusion of a nonjury trial, the Supreme Court awarded the plaintiff the principal sum of $9,750, finding, inter alia, that, with regard to 39 days worked by the plaintiff, he was entitled to be paid at the rate of $1,300 per day, and was thus entitled to an additional $250 for each of the 39 days worked. The defendants appeals from the amended judgment.
In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford , 60 NY2d 492, 499). "Fundamental to the establishment of a contract modification is proof of each element requisite to the formulation of a contract, including mutual assent to its terms" (Beacon Term. Corp. v Chemprene, Inc. , 75 AD2d 350, 354). Modifications of written contracts may be proved circumstantially by the conduct of the parties subsequent to the agreement (see Chase v Skoy , 146 AD2d 563, 564; Recon Car Corp. of N.Y. v Chrysler Corp. , 130 AD2d 725, 729).
We disagree with the Supreme Court' determination awarding the plaintiff the principal sum of $9,750. The evidence proffered at trial showed that the parties modified the written agreement and mutually assented to and acted in accordance with the terms of the modification to compensate the plaintiff in the sum of $1,050 per day worked by him without a specified period of time. The court's determination that the plaintiff was entitled to be paid at a rate of $1,300 per day with regard to 39 days worked by him was not warranted by the facts. Accordingly, the amended judgment must be reversed and the complaint dismissed.
In light of our determination, we need not reach the defendants' remaining contention.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court