■ KIM DE CHIRICO et al., Appellants, v WALDBAUM, INC., Respondent, et al., Defendants. [642 NYS2d 85] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Leone, J.), dated May 22, 1995, which granted the motion of the defendant Waldbaum, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Waldbaum, Inc., for summary judgment is denied, and the complaint is reinstated insofar as it is asserted against the defendant Waldbaum, Inc.

On the morning of November 12, 1991, the plaintiff Kim De Chirico allegedly slipped and fell on a wet substance on the floor of the bread aisle at a store of the defendant Waldbaum, Inc. (hereinafter Waldbaum). In opposition to Waldbaum's motion for summary judgment, the injured plaintiff's father, who was with her at the time of the accident, submitted an affidavit

in which he stated that on the night before the accident, he was in the store and noticed the exact same puddle of liquid in the exact same place where his daughter fell. Based on these facts, we conclude that the Supreme Court improperly granted Waldbaum's motion for summary judgment. The plaintiffs' motion papers are sufficient to raise a triable question of fact concerning whether Waldbaum had constructive notice of the dangerous condition (*see generally, Gordon v American Museum of Natural History,* 67 NY2d 836; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.