■ FIDAN QEVANI, an Infant, by His Father and Natural Guardian, ADVI QEVANI, et al., Respondents, v 1957 BRONX-DALE CORP., Appellant. [649 NYS2d 11] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about September 8, 1995, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly concluded that issues of fact exist as to whether the wet condition of the staircase existed for a sufficient length of time prior to the accident so as to permit defendant to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The evidence could support an inference that the defective condition existed for 90 minutes or more. Given that defendant employed two building maintenance people at the time, it cannot be said, as a matter of law, that 90 minutes was an insufficient period of time to allow for the correction of a defect that was visible and apparent (*compare, e.g., Fischer v Battery Bldg. Maintenance Co.*, 135 AD2d 378, 380).

Finally, we note that we are not persuaded by defendant's unsupported contention that it should be subject to a lesser standard of care because it is a residential, as opposed to a commercial, landlord. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.