■ Tycon Tower I Investment Limited Partnership, Appellant, v John Burgee Architects, a General Partnership, et al., Respondents. [651 NYS2d 637] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Donovan, J.), entered April 19, 1995 in Westchester County, which granted defendant's motion to dismiss the complaint for, *inter alia*, lack of standing.

Tycon Beltway, L.P. (hereinafter Beltway) contracted with defendant John Burgee Architects (hereinafter Burgee) in November 1982 to provide architectural services and supervision over a construction project in Fairfax County, Virginia. As part of the financing package for that project, Beltway gave deeds of trust to Chase Manhattan Bank in June 1984. Thereafter, through a series of conveyances of the deeds of trust, there was a substitution of financing, as a result of which a union trust, AEW Trust No. 133, became the owner of the deeds of trust in August 1988. Ultimately, Beltway defaulted and the property was put up for public sale. In May 1991, AEW purchased the property and plaintiff subsequently took title to the property as AEW's nominee.

In August 1994, plaintiff commenced this action for breach of contract, negligence, fraud and negligent misrepresentation claiming damages by reason of design and construction flaws in the construction project. Burgee moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), (5) and (7) on the ground that, *inter alia*, plaintiff lacked standing. Supreme Court granted the motion and this appeal ensued.

We affirm. Plaintiff's first cause of action alleges that Burgee "breached the terms of the [a]rchitect's [c]ontract by designing the arches in a manner inconsistent with accepted industry standards". We agree with Supreme Court that plaintiff has failed to establish privity with Burgee so as to have the legal capacity to sue for breach of contract. The contract between Beltway and Burgee provided that neither party could assign any interest therein without the written consent of the other. A review of the record reveals no evidence of any such written consent by Burgee to any assignment of the contract and, therefore, the cause of action for breach of contract was properly dismissed.

We likewise conclude that Supreme Court properly dismissed the second cause of action for professional malpractice. It is clear that recovery may not be had by a third party for the malpractice of a professional where there is no privity of contract between the parties or a relationship so close as to approach that of privity (*see, Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424). No such relationship exists here.

Finally, dismissal of plaintiff's third and fourth causes of action alleging fraud and negligent misrepresentation also was warranted. Those causes of action relate to alleged fraudulent statements and misrepresentations made to AEW by Burgee in a June 1989 "Statement of Architect". Initially, we note that there was no assignment of any interest in the "Statement of Architect" to plaintiff. Rather, plaintiff simply took title to the property as AEW's nominee upon the latter's purchase thereof at the foreclosure sale. Even if we were to consider that transaction as an assignment of whatever contractual rights AEW had with Burgee, it would not include an assignment of AEW's claims for fraud or negligent misrepresentation without express language to that effect in the assignment (*see, Fox v Hirschfeld*, 157 App Div 364, 368), and no such language is found anywhere in the record before us.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.