■ PROPERTY ASSET MANAGEMENT, INC., Appellant, v S&R ASSOCIATES et al., Defendants, and CERTILMAN BALIN ADLER & HYMAN, Respondent. [656 NYS2d 913] —In an action, *inter alia,* for a judgment declaring that the plaintiff has an easement over property owned by the defendant Saul Muchnick Irrevocable Trust, and for damages for misrepresentation and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated April 1, 1996, which granted the motion by the defendant Certilman Balin Adler & Hyman to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the complaint against the defendant Certilman Balin Adler & Hyman (*see, Metral v Horn,* 213 AD2d 524; *Marine Midland Bank v Renck,* 208 AD2d 688; *see also, Tycon I Inv. v Burgee Architects,* 234 AD2d 748). Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.

■ SHAHLA RAFAEL-SHARAF et al., Respondents, v WALDBAUM'S, INC., Appellant. [656 NYS2d 921] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated March 14, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Viewing the evidence in the light most favorable to the plaintiffs (*see, Negri v Stop & Shop,* 65 NY2d 625), we find that the plaintiffs have submitted evidence sufficient to raise an issue of fact as to whether the defendant had constructive notice of the debris in the produce department and was negligent in failing to clean the area in the alleged one-hour period during which the debris was on the floor (*see, Huth v Allied Maintenance Corp.,* 143 AD2d 634). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.