■ NICOLA BEVILACQUA et al., Appellants, v CLUB AZZURRO, INC., Respondent. [778 NYS2d 890]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 17, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Nicola Bevilacqua allegedly slipped and fell on a wet condition on the floor while exiting the card room at the defendant's social club. Viewing the evidence in the light most

favorable to the plaintiffs (*see Negri v Stop & Shop,* 65 NY2d 625, 626 [1985]), we find that, after the defendant made out a prima facie case for summary judgment, the plaintiffs submitted evidence sufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the condition which allegedly caused the accident and was negligent in failing to remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Rockowitz v City of New York,* 255 AD2d 434 [1998]; *Rafael-Sharaf v Waldbaum's, Inc.,* 238 AD2d 328 [1997]; *De Chirico v Waldbaum, Inc.,* 227 AD2d 371, 372 [1996]; *Huth v Allied Maintenance Corp.,* 143 AD2d 634, 635-636 [1988]). A triable issue of fact exists as to whether the wet condition on the floor of the defendant's social club existed for a sufficient length of time before the accident to permit the defendant to discover and eliminate it (*see Gordon v American Museum of Natural History, supra* at 837). S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.