■ VINCENT BRACCO et al., Appellants, v PUNTILLO LIMITED PARTNERSHIP et al., Respondents. [798 NYS2d 504]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), entered April 14, 2004, which, upon the granting of the motion of the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them and the separate motion of Accolade Building Maintenance pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc.; as so modified, the judgment is affirmed, with one bill of costs payable to the plaintiffs by the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc., and one bill of costs payable by the plaintiffs to the defendant Accolade Building Maintenance, the motion of the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc., is denied, the complaint is reinstated as against the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc., and the matter is remitted to the Supreme Court, Queens County, for a new trial as to those defendants only.

At approximately 8:30 A.M. on January 8, 1998, the injured plaintiff was walking down a staircase when he slipped and fell on water. According to the injured plaintiff, the entire staircase connecting the first floor and the basement of the premises owned by the defendants Puntillo Limited Partnership, Jobco Incorporated, and Jobco Management, Inc. (hereinafter collectively referred to as Puntillo/Jobco), and managed by the defendant Accolade Building Maintenance (hereinafter Accolade), was covered with water. The injured plaintiff also alleged that when he traversed the same staircase at approximately 7:00 A.M. on the day of the accident and at approximately 7:00 P.M. on the previous day, it was in the same condition.

The Supreme Court erred in granting the motion of Puntillo/ Jobco pursuant to CPLR 4401 for judgment as a matter of law. To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of demonstrating that, upon viewing the evidence in the light most favorable to the plaintiff, the plaintiff has failed to make out a prima facie case (*see Szczerbiak v Pilat*, 90 NY2d 553 [1997]; *Lyons v McCauley*, 252 AD2d 516 [1998]). The plaintiffs made out a prima facie case by

presenting evidence that Puntillo/Jobco had constructive notice of the alleged hazardous condition and thus could be held liable (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Bevilacqua v Club Azzurro, Inc.*, 8 AD3d 599 [2004]; *De Chirico v Waldbaum, Inc.*, 227 AD2d 371 [1996]).

With respect to Accolade, the action should have been dismissed on the ground that it owed no duty to the injured plaintiff (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Viviani v City of Yonkers*, 303 AD2d 493 [2003]; *Ciatto v Lieberman*, 266 AD2d 494 [1999]). The service contract between Accolade and Puntillo/Jobco was not comprehensive and exclusive, and Accolade did not entirely displace Puntillo/Jobco's duty to maintain the premises in a reasonably safe condition by virtue of its limited maintenance agreement with Puntillo/Jobco (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]). Moreover, the evidence did not establish that Accolade launched an instrument of harm or that the injured plaintiff detrimentally relied on Accolade's continued performance of its duties (*see Baratta v Home Depot USA*, 303 AD2d 434 [2003]; *Bugiada v Iko*, 274 AD2d 368 [2000]; *Riekers v Gold Coast Plaza*, 255 AD2d 373 [1998]). Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.