■ 6243 JERICHO REALTY CORP., Respondent, v AUTOZONE, INC., Appellant. [813 NYS2d 95]—

In an action to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 26, 2004, which granted the plaintiff's motion for summary judgment on the issue of liability, denied its cross motion for summary judgment dismissing the complaint, and directed that the matter be placed on the trial calendar for a trial on the issue of damages.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the plaintiff's motion for summary judgment and directing that the matter be placed on the trial calendar for a trial on the issue of damages, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

In January 2001 the plaintiff, as landlord, and the defendant, as tenant, entered into a "Ground Lease" for premises located on Jericho Turnpike in Huntington. The premises consisted of approximately 49,750 square feet of land and, according to the terms of the lease, the tenant's "intended use" of the premises was the "construction of one of its prototypical store buildings measuring approximately 6,800 square feet in floor area and related improvements . . . and operation therein of a retail store selling automotive parts, supplies, and accessories."

Section 29 (A) of the lease provided, in relevant part, that: "Tenant is to have until 210 days following execution of this Ground Lease to receive all authorizations and permits, including, but not limited to, . . . zoning and subdivision interpretations and confirmations, permits and approvals, and all variances, utility permits, authorizations and easements necessary for the Purchaser's (sic) intended use as described herein necessary to build on the Demised Premises ('Approvals,' collectively, hereinafter). If Tenant has not received or is denied or refused any such Approvals necessary to assure that Tenant's intended use and development of the Demised Premises will not be physically or financially impaired, as determined in Tenant's sole discretion, prior to such date, or if the necessary approvals are granted subject to any conditions that Tenant deems will physically or financially impair Tenant's intended use and development of the Demised Premises prior to such date, then Tenant may terminate this Ground Lease by furnishing written notice to Landlord prior to the 210 days."

By letter dated July 11, 2001, the defendant wrote to the plaintiff, stating that, pursuant to section 29 of the Ground Lease, it was exercising its right to terminate the lease. Soon thereafter, the plaintiff commenced the instant action sounding in breach of contract, asserting that the defendant had, inter alia, failed to sufficiently attempt in good faith to obtain the necessary permits and was, therefore, improperly relying on section 29 of the Ground Lease to justify its purported termination of the lease.

The plaintiff's moving papers failed to satisfy its prima facie burden of demonstrating entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) and, accordingly, the burden never shifted to the defendant to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although the plaintiff asserted in its moving papers that the defendant did nothing to attempt to obtain the necessary approvals, deposition testimony from a regional design manager of the defendant—which was annexed as an exhibit to the plaintiff's moving papers—set out certain steps taken by the defendant before arriving at its determination that obtaining the necessary approvals would financially impair its intended use and development of the property. The plaintiff's argument that such testimony was incredible as a matter of law because it was not corroborated by the testimony of an engineer employed by the engineering company hired by the defendant in connection with the building project and/or by other evidence, is without merit. On a motion for summary judgment the court must not weigh the credibility of witnesses unless it clearly appears that the issues are feigned and not genuine (*see Park Assoc. v Crescent Park Assoc.*, 159 AD2d 460, 462 [1990]; *Chase v Skoy*, 146 AD2d 563, 564 [1989]). Any conflict in the testimony or evidence presented merely raised an issue of fact (*see Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462 [1993] ["Where the injured worker's version of the accident is inconsistent with either his own previous account or that of another witness, a triable question of fact may be presented"]). The existence of issues of fact relating to whether the defendant made good faith efforts to explore obtaining the necessary approvals before determining to exercise its option to cancel the lease pursuant to section 29 thereof warranted denying both the motion and the cross motion.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.