■ ANGELA NEWMAN, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. BENJAMIN ENTERPRISES, INC., Third-Party Defendant. [826 NYS2d 714]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Dillon, J.), entered July 20, 2005, as granted the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent, and the cross

motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on wet steps at a building owned by the defendant. On its motion for summary judgment dismissing the complaint, the defendant third-party plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether the steps were wet for a sufficient length of time before the accident such that the defendant had constructive notice of the condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Bevilacqua v Club Azzurro, Inc.*, 8 AD3d 599, 600 [2004]; *Rockowitz v City of New York*, 255 AD2d 434 [1998]; *Qevani v 1957 Bronxdale Corp.*, 232 AD2d 284 [1996]; *Huth v Allied Maintenance Corp.*, 143 AD2d 634, 635-636 [1988]). The alleged open and obvious nature of the condition only raised a triable issue of fact as to the comparative fault of the plaintiff (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]). Crane, J.P., Krausman, Goldstein and Spolzino, JJ., concur.