■ WANDRA BROWN, Appellant, v PARROCKS ASSOCIATES, Respondent. [931 NYS2d 599]—

Plaintiff alleges that at approximately 1:15 A.M., while working at defendant's building as a security guard for a nonparty security company, she slipped and fell on cooking oil that had leaked from a bag sitting on the stairs between the fifth and sixth floor. A nonparty tenant testified that she saw plaintiff shortly after the incident and also observed an oily bag. The security guard who worked the previous shift testified that at about 4:15 P.M. (nine hours earlier), he had observed an oil-filled bag at that same location. He stated that he threw the bag away

and cleaned the area with a damp mop he obtained from a janitor's closet. Furthermore, defendant's porter averred that shortly after 4:00 P.M., he inspected the subject stairs and found them clean and dry.

Under the circumstances presented, summary judgment was improperly granted since there are triable issues of fact as to whether defendant had constructive notice of the condition upon which plaintiff slipped and fell (*see Qevani v 1957 Bronxdale Corp.*, 232 AD2d 284 [1996]; *compare Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). A determination of whether the bag and oil spill that plaintiff's coworker observed was remedied by him, as defendant claims, or whether it was the same bag present later that plaintiff claims caused her to fall, invokes questions of credibility for a jury to resolve (*see Castillo v New York City Tr. Auth.*, 69 AD3d 487 [2010]; *see also Corrales v Reckson Assoc. Realty Corp.*, 55 AD3d 469 [2008]). Concur—Andrias, J.P., Sweeny, Acosta, Freedman and Manzanet-Daniels, JJ.