Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J), entered March 20, 2013, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant’s sole argument on this appeal is that it is entitled to summary judgment because plaintiff failed or is unable to identify the precise cause of her slip and fall on a step in the women’s locker room at defendant’s facility. Viewing the record in the light most favorable to plaintiff, defendant failed to satisfy its initial burden to establish entitlement to summary judgment on that ground. In any event, plaintiff raised triable issues of fact as to whether slipping on water caused her fall. Among other record evidence, when pressed by defendant’s counsel at *456 her deposition, plaintiff expressly testified that she “slipped in water” on the step and saw water in the vicinity of the step after her fall, and in an affidavit stated that she had mentioned to defendant’s employees on several occasions prior to her accident that the locker room floor was slippery when wet.
Our decision in Zanki v Cahill (2 AD3d 197 [1st Dept 2003], affd 2 NY3d 783 [2004]), relied upon by defendant, is distinguishable. In Zanki, the plaintiff testified that she never observed “ ‘anything on the stairs’ either before or after her accident .... The sole basis [she] offer[ed] for the inference that a dangerous [wet] condition existed on the stairwell . . . [was] her testimony that her sleeve (not any part of the stairwell itself) was wet ... at the end of her fall. . . . [She] offer[ed] nothing more than ‘speculation or guesswork’ to support her contention that the alleged recurring condition existed on the stairwell at the time of her accident, and also caused her accident” (2 AD3d at 198-199 [emphasis added and citations omitted]).
Moreover, defendant failed to establish a lack of constructive notice of the condition. The moving papers contain no indication of when the area was last inspected prior to the accident (see Lorenzo v Plitt Theatres, 267 AD2d 54, 56 [1st Dept 1999]; Yioves v T.J. Maxx, Inc., 29 AD3d 572 [2d Dept 2006]; compare Green v Gracie Muse Rest. Corp., 105 AD3d 578 [1st Dept 2013]).
Concur — Mazzarelli, J.E, Moskowitz, DeGrasse, ManzanetDaniels and Kapnick, JJ.