■ JAMIE PEREZ, Respondent, v FOLIO HOUSE, INC., et al., Appellants. (And a Third-Party Action.) [999 NYS2d 29]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 28, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action and granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) cause of action, unanimously modified, on the law, to deny plaintiff's motion and to grant defendants' motion as to the Labor Law § 241 (6) cause of action, and otherwise affirmed, without costs. Appeal by West New York Restoration of CT., Inc. from the aforesaid order unanimously withdrawn, without costs, in accordance with the stipulation of the parties dated October 28, 2014."

Triable issues of fact exist as to how plaintiff's accident occurred and whether it resulted from a violation of Labor Law § 240 (1) (*see Campos v 68 E. 86th St. Owners Corp.*, 117 AD3d 593 [1st Dept 2014]). Plaintiff testified that he lost his balance and slipped and fell from an elevated platform within a larger scaffolding structure to a lower level eight feet below. However, his coworker testified that, when he observed plaintiff both immediately before and immediately after his accident, plaintiff was on the same level of the scaffold. The coworker also testified that there was not another level beneath the area where plaintiff was working, other than the sidewalk bridge three stories below. Plaintiff's foreman testified that, immediately after the accident, he inspected the area where plaintiff had been working, and did not find any gaps in the planking or any openings large enough for a person to fit through. Furthermore, the testimony showed that immediately after the accident plaintiff told his coworker and foreman that he hit or banged his knee on a metal clamp while stepping over a pipe bracing, which resulted in a laceration of his knee. This testimony is consistent with the testimony by the doctor and the physician's assistant who treated plaintiff at the emergency room on the day of his

accident that plaintiff's only complaints at that time pertained to the laceration of his knee and that he did not report to them that he had fallen from a height of between four and eight feet. Thus, plaintiff may simply have tripped or slipped and fallen while walking across the nondefective, level platform of the scaffold (*see Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441 [1st Dept 2012]). The above-cited testimony is sufficient to raise an issue of fact even though none of the witnesses saw the accident happen (*see Noble v 260-261 Madison Ave., LLC*, 100 AD3d 543 [1st Dept 2012]; *Campos*, 117 AD3d at 594).

Defendants failed to establish that plaintiff was the sole proximate cause of his injuries (*see Noble*, 100 AD3d at 544-545).

The Labor Law § 241 (6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) must be dismissed because, even accepting plaintiff's account of his accident, he did not fall through a "hazardous opening" in the platform on which he was working (*see Messina v City of New York*, 300 AD2d 121, 123 [1st Dept 2002]). As to the remaining Industrial Code regulations on which plaintiff predicates his section 241 (6) claim, his failure to address them indicates that he has abandoned them as bases for liability (*see Gary v Flair Beverage Corp.*, 60 AD3d 413 [1st Dept 2009]). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ. 