Ajche v Park Ave. Plaza Owner, LLC (2019 NY Slip Op 02456)





Ajche v Park Ave. Plaza Owner, LLC


2019 NY Slip Op 02456


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8848 156696/12

[*1]Jorge Ajche, Plaintiff-Appellant-Respondent,
v
Park Avenue Plaza Owner, LLC, et al., Defendants-Respondents-Appellants, 53rd St. Food, LLC, et al., Defendants-Respondents.
Park Avenue Plaza Owner, LLC, Third-Party Plaintiff-Respondent-Appellant,
v
53rd St. Food, LLC, et al., Third-Party Defendants-Respondents.
53rd St. Food, LLC, et al., Second Third-Party Plaintiffs-Respondents,
v
Cobra Kitchen Ventilation, Inc., Second Third-Party Defendant-Respondent,
Park Avenue Plaza Owner, LLC, Third Third-Party Plaintiff-Respondent-Appellant,
v
Cobra Kitchen Ventilation, Inc., Third Third-Party Defendant-Respondent.


Ginarte Gallardo Gonzalez Winograd, LLP, New York (Timothy Norton of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Park Avenue Plaza Owner, LLC, respondent-appellant.
Bartlett LLP, White Plains (David C. Zegarelli of counsel), for CPM Builders, Inc., respondent-appellant.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for 53rd St. Food, LLC and Blake & Todd, respondents.
Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for Cobra Kitchen Ventilation, Inc., respondent.

[*2]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 6, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, denied defendant/third-party plaintiff/third third-party plaintiff Park Avenue Plaza Owner, LLC's (Park) motion for summary judgment dismissing the Labor Law § 240(1) claim, denied defendant CPM Builders, Inc.'s (CPM) motion for summary judgment dismissing the Labor Law § 240(1) claim and Park's and defendants/third-party defendants/second third-party plaintiffs 53rd St. Food, LLC and Blake & Todd's (collectively 53rd Street) contractual indemnification claims against it, and declined to grant Park's request for defense costs from 53rd Street, CPM, and Cobra, unanimously modified, on the law, to grant plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and to grant Park's requests for reimbursement of reasonable defense costs as against CPM and Cobra, and otherwise affirmed, without costs.
Plaintiff sustained injuries while insulating air-conditioning ducts in the kitchen ceiling of a restaurant under construction. Park owned the property, and leased it to 53rd Street to operate a restaurant called Blake & Todd. 53rd Street retained CPM as the general contractor on the project, but also directly hired plaintiff's employer, Cobra, as the contractor for the kitchen HVAC work.
Nobody witnessed the accident, and plaintiff admittedly had no recollection of the fall. He claims he fell because the A-frame ladder on which he was working "moved," based on what his foreman had allegedly told his wife. Plaintiff's foreman, however, testified that plaintiff fell from a scaffold, as he saw plaintiff on the scaffold when he went to get coffee, and found him lying on the floor near the scaffold when he returned. CPM's superintendent testified that he heard a noise and an impact, and found plaintiff on the a floor a few feet away from a scaffold.
Plaintiff has demonstrated entitlement to partial summary judgment on the issue of liability on his Labor Law § 240(1) claim. Although the conflicting testimony raised an issue of fact as to whether plaintiff fell off a ladder or a scaffold (see Perez v Folio House, Inc., 123 AD3d 519 [1st Dept 2014]), he has demonstrated that, under either version of the accident, his fall was caused by an inadequate safety device for his job, and none of the defendants raised a triable issue of fact.
As to the "ladder version," although plaintiff has no specific recollection of the ladder moving, he also testified that, immediately before the fall, he was standing on the second to the last rung up, with his hands over his head toward the duct, which he could barely reach. Such testimony establishes prima facie that the ladder did not provide proper protection for plaintiff (see Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]; Burke v APV Crepaco, 2 AD3d 1279 [4th Dept 2003]). Because the record is clear that the ladder did not prevent him from falling, his inability to identify the precise manner in which he fell is immaterial (see Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290 [1st Dept 2002], lv denied 4 NY3d 702 [2004]; Yu Xiu Deng v A.J. Contr. Co., 255 AD2d 202 [1st Dept 1998]). As to the "scaffold version," it is undisputed fact that the scaffold from which plaintiff purportedly fell had no guardrails. This fact establishes prima facie that it was an inadequate safety device (Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; Vail v 1333 Broadway Assoc., L.L.C., 105 AD3d 636 [1st Dept 2013]). Under either version, defendants have not raised a triable issue of fact as to whether plaintiff's negligence was the sole proximate cause of his accident (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]).
CPM can be held liable as a general contractor. Although CPM did not retain plaintiff's employer, Cobra, for the HVAC work, CPM oversaw the entire construction project, and coordinated Cobra's work with the other trades (see Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]).
53rd Street is entitled to contractual indemnification from CPM. The contract between the two requires CPM to indemnify 53rd Street from any "claim arising out of, in connection with, or as a consequence of the performance or nonperformance of [CPM's] or any Subcontractor's Work." CPM argues that plaintiff's claim did not arise out of or in connection with its work or "any Subcontractor's Work." Although we find "any Subcontractors" to [*3]encompass only the subcontractors that CPM retained, we find that plaintiff's claim arose in connection with CPM's work. As discussed, CPM oversaw and coordinated the entire project, including Cobra's work.
Park is also entitled to contractual indemnification from CPM, as the contract between 53rd and CPM required CPM to indemnify Park. Contrary to CPM's contention, the record establishes CPM's intent to be bound. CPM signed the contract with 53rd Street, which physically incorporated the indemnification agreement. Although the signature line in the indemnification agreement is blank, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]). Here, the fact that CPM had purchased insurance policies naming Park as an additional insured demonstrates its intent to indemnify Park. We note that CPM had acknowledged, in opposition to Park's motion for summary judgment, that the indemnification clause is enforceable if the accident arises out of CPM's work.
Park argues that, in granting conditional summary judgment on its contractual indemnification claims against 53rd Street, CPM, and Cobra, the motion court overlooked its request for defense costs, which were provided for in the relevant indemnification agreements. Under the relevant indemnification
provisions, Park is entitled to reimbursement of reasonable defense costs from CPM and Cobra, but not 53rd Street.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK