Muco v Board of Educ. of the City of N.Y. (2022 NY Slip Op 02070)





Muco v Board of Educ. of the City of N.Y.


2022 NY Slip Op 02070


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 20375/19E Appeal No. 15583 Case No. 2021-03318 

[*1]Ladi Muco, Plaintiff-Respondent,
v
Board of Education of the City of New York, et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (James M. Strauss of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 3, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the cause of action under Labor Law § 240(1) and denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff established his prima facie entitlement to partial summary judgment on the Labor Law § 240(1) cause of action. Plaintiff's testimony established, and his coworker's affidavit corroborated, that plaintiff fell on the stairs of a scaffold when it suddenly moved and due to the fact the scaffold was unsecure and missing handrails in certain sections (see Rom v Eurostruct, Inc., 158 AD3d 570, 570 [1st Dept 2018]; Zengotita v JFK Intl. Air Term., LLC, 67 AD3d 426, 427 [1st Dept 2009]). In opposition, however, defendants' affidavits raised triable issues of fact (see Santos v Condo 124 LLC, 161 AD3d 650, 655 [1st Dept 2018]; Perez v Folio House, Inc., 123 AD3d 519, 519-520 [1st Dept 2014]). Defendants' witnesses, who inspected the scaffold immediately after plaintiff's accident, averred that the scaffold was stable and properly secured, and had handrails in all sections, directly contradicting plaintiff's testimony and his coworker's affidavit. Defendants' evidence is sufficient to raise issues of fact even though none of the witnesses saw the accident happen (see id. at 520).
The motion court properly denied defendants' motion to the extent it sought dismissal of plaintiff's Labor Law § 241(6) claim. According to plaintiff's testimony, the photographs that defendants submitted did not show the area from where plaintiff fell and were therefore insufficient to establish that safety railings were placed on the scaffold (see De Oleo v Charis Christian Ministries, Inc., 106 AD3d 521, 522 [1st Dept 2013]). A material issue of fact also remains as to whether the lighting was a proximate cause of plaintiff's accident Defendants argue that plaintiff failed to claim that poor lighting was a proximate cause of his accident. However, plaintiff was not asked at his deposition whether the lighting conditions were a factor in causing his accident, and we cannot penalize plaintiff for failing to address a question he was never asked (see
Clemente v 205 W. 103 Owners Corp., 180 AD3d 516, 517 [1st Dept 2020]; Pruitt v Rockefeller Ctr. Props., Inc., 167 AD2d 14, 25-26 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022