Ayub v Eighth-19th Co. LLC (2024 NY Slip Op 51428(U))

[*1]

Ayub v Eighth-19th Co. LLC

2024 NY Slip Op 51428(U)

Decided on October 19, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 19, 2024
Supreme Court, Kings County

Ayub Ayub, Plaintiff,

against
Eighth-19th Company LLC, Defendant.

Index No. 510749/2018

Law Offices of Omrani & Taub, P.C., New York City (James Forde of counsel), for plaintiff.
Hannum Feretic Prendergast & Merlino, LLC, New York City (Rima M. Attar of counsel), for defendant.

Aaron D. Maslow, J.

The following papers were used on this motion:
Submitted by Plaintiff in Support of Motion:
NYSCEF Doc No. 24: Notice of Motion for Summary Judgment
NYSCEF Doc No. 25: Affirmation of Constantine Pavlos, Esq.
NYSCEF Doc No. 26: Affidavit of Ayub Ayub
NYSCEF Doc No. 27: Exhibit 1, Summons and Complaint
NYSCEF Doc No. 28: Exhibit 2, Answer
NYSCEF Doc No. 29: Exhibit 3, Plaintiff's EBT Transcript
NYSCEF Doc No. 30: Exhibit 4, Defendant's (Andre Moore) EBT Transcript
NYSCEF Doc No. 31: Exhibit 5, Court Orders
Submitted by Defendant in Opposition to Motion:
NYSCEF Doc No. 32: Affirmation of Jon Pisiewski
NYSCEF Doc No. 33: Exhibit A, Affidavit of Mohammad Shadath
NYSCEF Doc No. 34: Exhibit B, Affidavit of Mashad Khan
Submitted by Plaintiff in Reply in Support of Motion:
NYSCEF Doc No. 35: Affirmation of Constantine Pavlos, Esq.
NYSCEF Doc No. 36: Exhibit 1, Discovery Demands
NYSCEF Doc No. 37: Exhibit 2, Preliminary Conference Order
NYSCEF Doc No. 38: Exhibit 3, Further Discovery Orders
NYSCEF Doc No. 28: Exhibit 4, Defendant's Discovery Responses
Upon the foregoing papers, having heard oral argument, and due deliberation having been had,[FN1]
the within motion is determined as follows.
Introduction
This is an action to recover damages for personal injuries allegedly sustained by Plaintiff while on a ladder, helping to install sheetrock. Plaintiff moves for summary judgment pursuant to CPLR § 3212 on the issue of liability on his Labor Law § 240 (1) cause of action. Plaintiff alleges that since the ladder had been set up by Plaintiff's coworker and no other safety devices were available, Defendant cannot make the assertion that Plaintiff was the "sole proximate cause" of his own injuries. Defendant opposes this summary judgment motion under CPLR § 3212 and Labor Law § 240 (1), questioning the existence of an accident, as described by Plaintiff.

Background
Plaintiff Ayub Ayub was employed by M. Shaddeth Contracting ("Contractor") on a sheet rocking, plastering, and painting project that took place in an apartment located at 261 West 19th Street, part of which is owned and operated by Defendant owner and managed by a non-party managing agent, Andre Moore.
The parties are in dispute as to which day Plaintiff performed this work. Plaintiff claims he was employed on May 11, 2018, when he was injured when working on a ladder from which he fell, yet Defendant claims Plaintiff was employed only on May 4, 2018.
Plaintiff was hired to assist another worker with painting and moving furniture. According to his account, at approximately 3:45 p.m. on May 11, 2018, Plaintiff was with a co-worker, each using an A-frame ladder to reach the ceiling. There were no scaffolds or other safety devices available. No one was holding up the ladder and it was not secured. Plaintiff noticed the ladder was wobbly as he ascended it. As Plaintiff was standing on the second rung from the top of this six-foot A-frame ladder, holding the sheetrock in place so that his coworker could screw it into the ceiling, the ladder suddenly slipped, causing Plaintiff to fall on his right side and sustain multiple injuries, including fractured ribs.
The parties debate when this accident took place or if it even occurred at all. Defendant, aided by the affidavit testimony of Mashad Khan, an employee, and Mohammad Shadath, Plaintiff's employer, maintained that, to its knowledge, this never took place. Plaintiff never used an A-frame ladder while working in the building. Nor did Plaintiff fall at any point during the single day he was working on the premises. According to Mashad Khan's testimony, he and Plaintiff worked together the entire day and got dinner together after work. Khan says Plaintiff was never injured on this day.

Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [*2][1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324).
Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
In Muco v Bd. of Educ. of the City of NY (203 AD3d 610, 610 [1st Dept 2022]), the plaintiff's testimony and a co-worker's affidavit both established that the plaintiff fell when the stairs of the scaffold "suddenly moved . . . due to the fact the scaffold was unsecure and missing handrails in certain sections." The defendants rebutted this account, asserting that "witnesses, who inspected the scaffold," found it was "stable and properly secured" (id.). The First Department held that the defendants' evidence was "sufficient to raise issues of fact even though none of the witnesses saw the accident happen" and denied the plaintiff's summary judgment motion on his Labor Law § 240 (1) claim (id.). Similarly, the Second Department also denied summary judgment on a Labor Law § 240 (1) claim in a case where the plaintiff was allegedly injured when a steel beam fell on him, but there was "credible evidence reveal[ing] differing versions of the accident" (Heras v Ming Seng & Assoc. LLC, 203 AD3d 1146, 147 [2d Dept 2022]).
Summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Scott v Long Is. Power Auth., 294 AD2d 348, 348 [2d Dept 2002]). In Muco, there was a co-worker who confirmed the plaintiffs' account of the incident and still the court found summary judgment could not be granted. In the instant case, Ayub does not have a co-worker supporting his claim as to how the events unfolded, making his claim weaker than that in Muco. Mashad's account calls Ayub's claims further into question because he claims to have been with Ayub for the entire day. If Ayub had fallen at any time while on the Defendants' premises, Mashad would have known. According to Mashad, the two men even went out to eat together after the workday. It would have been apparent to Mashad if Ayub had been injured to the point of a broken rib.
Furthermore, there are two different affidavits in the record disagreeing with Ayub's complaint as to when he worked on the Defendant's premises. Ayub claims to have been injured nearly a week after two others involved say he performed a single day's work.
The Court rejects Plaintiff's entreaty to find the Defendant's proffered evidence — specifically the Shadath and Khan affidavits — not credible based on the EBT transcript of Andre Moore on page 24 (see NYSCEF Doc No. 30), where Moore testified that Shadath told him an employee had been injured. Moore did not identify the employee, and on a motion for summary judgment the court must not weigh the credibility of witnesses unless it clearly appears that the [*3]issues are feigned and not genuine (see Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439 [1968]; Bank of NY Mellon v Gordon, 171 AD3d 197, 201 [2d Dept 2019]; 6243 Jericho Realty Corp. v AutoZone, Inc., 27 AD3d 447, 449 [2d Dept 2006]). The Court must accept as true the affidavits submitted by Defendant as the nonmoving party and Plaintiff's motion must be denied if there is even arguably any doubt as to the existence a triable issue (see Baker v Briarcliff School Dist., 205 AD2d 652 [2d Dept 1994]). Also, a purported Worker's Compensation decision in favor of Plaintiff was not submitted into the motion record, so the Court does not consider this issue raised by Plaintiff (see Robinson v City of New York, 37 AD3d 447 [2d Dept 2007] [missing transcript page]).
Summary judgment cannot be granted when so many facts are in dispute. While Plaintiff made out a prima facie case in support of summary judgment on liability under Labor Law § 240 (1) (see Alvarez v Prospect Hosp., 68 NY2d at 324), viewing the evidence in the light most favorable to Defendant (see Bazdaric v Almah Partners LLC, 41 NY3d at 314), doubt exists regarding material issues of fact (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d at 231). Plaintiff's motion for summary judgment must be denied.

Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgment on liability on his Labor Law § 240 (1) cause of action is DENIED. The issue of liability is reserved for trial.
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).