Jones v River Park Residences, L.P. (2025 NY Slip Op 06813)

Jones v River Park Residences, L.P.

2025 NY Slip Op 06813

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 26441/18|Appeal No. 5322|Case No. 2024-04304|

[*1]Kashauna Jones, Plaintiff-Appellant,
v
River Park Residences, L.P., et al., Defendants-Respondents. 

Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for appellant.
Chartwell Law, New York (Rachel Smith of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 3, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff's inability to identify the cause of her fall does not warrant dismissal of the complaint, considering that she testified that she was unconscious after her fall and had no recollection of slipping. A jury could reasonably infer that plaintiff slipped and fell in the bathtub because of a dripping faucet. Plaintiff testified that the faucet had been leaking, even while it was off and after the building management's repeated attempts to fix it, and that this problem had been recurring since renovations began in 2012, including two weeks before the accident (see Matos v Azure Holding II, L.P., 181 AD3d 406, 406 [1st Dept 2020]). Plaintiff's affidavit in opposition to the motion, in which she stated that she noticed water in the tub after she regained consciousness, did not create a feigned issue of fact, because, despite defendants' argument that this contradicted her deposition testimony, they never asked her at her deposition whether she was wet upon awakening (see Muco v Board of Educ. of the City of N.Y., 203 AD3d 610, 611 [1st Dept 2022]).
Defendants failed to make a prima facie showing that they did not have notice of the leaking faucet (see Villegas v East 191 St. Hous. Dev. Fund Corp., 233 AD3d 636, 637 [1st Dept 2024]).Defendants' showing that there were no work orders or complaints in plaintiff's file regarding the dripping faucet is not dispositive on the issue of notice. Defendants' superintendent did not address plaintiff's and her fiancÉ's testimony that they orally complained many times about the leaking faucet. Further, defendants' maintenance manager testified that he did not search for any information on plaintiff's apartment. In any event, plaintiff raised an issue of fact through her testimony that her bathtub faucet was repaired two weeks prior to the accident but continued leaking thereafter.
Defendants' argument that the condition was open and obvious and not inherently dangerous is inapposite. "[E]ven if a hazard qualifies as 'open and obvious' as a matter of law, that characteristic merely eliminates the property owner's duty to warn of the hazard but does not eliminate the broader duty to maintain the premises in a reasonably safe condition" (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]). Plaintiff has not asserted a claim of failure to warn.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025