**Perez v Bronx TLV Equities LLC**

2025 NY Slip Op 35174(U)

December 31, 2025

Supreme Court, Bronx County

Docket Number: Index No. 27804/2020E

Judge: Elizabeth A. Taylor

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

C

NEW YORK SUPREME COURT – COUNTY OF BRONX

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX : PART IA2

-----------------------------------------------------------------------X

RAFAEL PEREZ,

                                 Plaintiff,

            -against-

BRONX TLV EQUITIES LLC,

                              Defendant.

-----------------------------------------------------------------------X

Index № 27804/2020E
Hon. **Elizabeth A. Taylor**,
Justice Supreme Court

The following papers numbered _____ to ___ were read on this motion (**NYSCEF Seq. No. 1**)

|  | NYSCEF Doc. Nos. |
|---|---|
| Notice of Motion – Exhibits and Affidavits Annexed | 20-30 |
| Answering Affidavit and Exhibits, Memorandum of Law | 33-40 |
| Reply Affidavit | 41-43 |

Upon the foregoing papers, the defendant's motion for summary judgment is decided in accordance with the annexed decision and order.

Dated: DEC 3 1 2025

Hon. _____
**Elizabeth A. Taylor, J.S.C.**

1. CHECK ONE..........................................    X _CASE DISPOSED IN ITS ENTIRETY    CASE STILL ACTIVE

2. MOTION IS..............................................    X GRANTED    DENIED   ☐ GRANTED IN PART   ☐ OTHER

3. CHECK IF APPROPRIATE...................    ☐ SETTLE ORDER   ☐ SUBMIT ORDER

[* 1]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX : PART IA2
------------------------------------------------------------------------X
RAFAEL PEREZ,

                                    Plaintiff,

                    -against-

BRONX TLV EQUITIES LLC,

                                    Defendant.
------------------------------------------------------------------------X
Elizabeth A. Taylor, J.

<u>DECISION and ORDER</u>
Index No. 27804/2020E

Defendants move for summary judgment dismissing the complaint pursuant to CPLR 3212. Plaintiff opposes the motion.

FACTS AND ARGUMENT

This is an action for personal injuries arising from a slip and fall accident which took place on a slippery staircase at 372 East 173rd Street on July 15, 2018, due to an allegedly hazardous condition. Plaintiff claims Bronx TLV Equities LLC, the property owner, was negligent for allowing a liquid substance to accumulate on the stairs. Plaintiff testified that on the day of the accident, he left his apartment to celebrate a friend's birthday of a friend at a park in the Bronx. He took public transportation, arriving at about 10:00 AM, and stayed until around 9 or 10 PM. After he left the party, he carried the cake back to an apartment occupied by Sandra Vasquez, the grandmother of the person having the party.

Plaintiff testified that he was carrying the cake while ascending the stairs in the subject multiple dwelling when he slipped on a wet step. He had used the stairs frequently without incident prior to this occasion. He could not identify the substance or its source.

[* 2]

Sandra Vasquez, the third floor tenant, confirmed that the stairs were clean when she left for the picnic earlier that day, nor did she see any liquid. On February 9, 2023, an investigator took an audio recording of an interview over the phone with Ms. Vasquez. In that audio statement, Ms. Vasquez confirmed that she and her son had left for an outdoor picnic (which was a birthday party that was being held for her grandson) at approximately 2:00 PM, and the stairs were clean at that time, and in good condition. The plaintiff's accident took place as they were returning from the party. The incident occurred on the steps leading from the second floor to the witness's apartment. In the recorded statement, Ms. Vasquez stated that the plaintiff, while carrying the birthday cake, slipped backwards onto the floor. There was a liquid substance on the step near the second floor. Ms. Vasquez stated that she did not see the liquid substance when they left to go to the party earlier that day, and she has no idea of how the liquid substance got there.

The defendant argues that it did not breach any duty of care, as it was unaware of the liquid on the stairs and had no reasonable opportunity to address it. At no time did plaintiff even identify what the liquid or substance was on the steps. Neither could the tenant Sandra Vasquez, who lived on the third floor of the Premises, identify what the liquid substance was or where it came from, as she stated in the audio recording. Given that they could not even identify its contents or source, it is disingenuous to claim that the out-of-possession property owner defendant in any way caused the substance to be on the steps. Neither is there any evidence, defendant argues, that anyone from the defendant had any notice- actual or constructive-- of the liquid substance allegedly on the step.

In opposition to the motion, the plaintiff submits for the first time affirmations from Sandra Vasquez and her son Jhony Alvarez. Each attests that they resided at the premises on the day of the accident; that the water on the steps came from a leaking skylight over the stairwell; and that they had complained of the leak to the defendant owner. Plaintiff also submits weather data

2

[* 3]

indicating that approximately 1 inch of rain had fallen throughout the morning of July 15, 2018.

In reply, defendant argues that these belated affirmations directly contradict earlier statements made in this case. Ms. Vasquez' new claim that the substance on the steps was water caused by a leak from the skylight directly contradicts those statements she admittedly made to the investigator in 2023. Vasquez expressly stated in her prior statement that she had no idea how the liquid substance got there on the step.

Similarly, the affidavit of Mr. Alvarez also directly contradicts a prior written statement he had made, also to the same investigator in September 2018. The investigator visited the premises and obtained a signed written statement from Mr. Alvarez that day, in which Alvarez stated that he plaintiff fall, and that. "I believe he fell because of some greasy substance on the steps. I saw the substance… I don't know where the grease came from…"

## DISCUSSION

A landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including the likelihood of injury to third parties, the potential that any such injury would be of a serious nature and the burden of avoiding the risk. In order to recover damages, a party must establish that the owner created or had actual or constructive notice of the hazardous condition which precipitated the injury. (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969, 646 NE2d 795, 622 NYS2d 493 [1994].)  "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." (Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 837, 492 N.E.2d 774, 501 N.Y.S.2d 646 [1986]).

"A defendant who moves for summary judgment in a slip-and-fall action has the initial

3

[* 4]

burden of making a prima facie demonstration that it neither created the hazardous condition, nor had actual or constructive notice of its existence" (Smith v Costco Wholesale Corp., 50 AD3d 499, 500, 856 N.Y.S.2d 573 [1st Dept 2008]). "To meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall." (Mei Xiao Guo v. Quong Big Realty Corp., 81 A.D.3d 610, 611, 916 N.Y.S.2d 155 [2d Dept. 2011] [citations omitted]; Quintana v. TCR, Tennis Club of Riverdale, Inc., 118 A.D.3d 455, 987 N.Y.S.2d 68 [1st Dept. 2014] [defendant failed to establish a lack of constructive notice of the wet condition on steps where the moving papers contained no indication of when the area was last inspected prior to the accident]; Qevani v 1957 Bronxdale Corp., 232 AD2d 284, 649 NYS2d 11 [1st Dept. 1996] [issue of fact as to whether existence of condition on steps for 90 minutes constituted constructive notice].)

Defendant has made a prima facie case of the absence of notice. In opposition, plaintiff now asserts that the liquid was water and that it came from a leaking skylight. "Affidavit testimony that is obviously prepared in support of ongoing litigation that directly contradicts deposition testimony previously given by the same witness, without any explanation accounting for the disparity, creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (see Telfeyan v City of NY, 40 AD3d 372, 373, 836 N.Y.S.2d 71 [1st Dept 2007] [internal quotation marks omitted]). "On a motion for summary judgment the court must not weigh the credibility of witnesses <u>unless it clearly appears that the issues are feigned and not genuine…</u>" (6243 Jericho Realty Corp. v AutoZone, Inc., 27 AD3d 447, 449, 813 NYS2d 95 [2d Dept. 2006] [emphasis added].)

Here, the witnesses have clearly submitted feigned affidavits which flatly contradict earlier statements, and which are patently feigned to avoid summary judgment.

4

[* 5]

Based upon the foregoing, it is hereby

ORDERED that the defendant's motion is granted, and the Clerk is directed to enter judgment dismissing the complaint, and it is further

ORDERED that the defendant shall serve a copy of this Order via mail and NSCEF with Notice of Entry thereon.

Dated: **DEC 3 1 2025**

ENTER:

_____
Hon. Elizabeth A. Taylor, J.S.C.

[* 6]